UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ISSAAC RUIZ,<br><br>              Plaintiff,<br><br>     v.<br><br>JERRY KIMES *et al.*,<br><br>              Defendants. | Case No.  C07-5273RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**OCTOBER 26, 2007** |

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss this action (Dkt. # 13).  Plaintiff has not responded.  Having reviewed the motion, the court recommends the motion be **DENIED.**

<u>FACTS</u>

      These facts come directly from the complaint filed in this case.  Plaintiff alleges he is a non english-speaking inmate and that he speaks Spanish (Dkt. # 5).  He alleges he was asked a series of questions by his counselor, Kathy Baker.  He alleges good time or earned time credits were denied as a result of the questions and answers (Dkt # 5).  Plaintiff alleges he requested a Spanish interpreter be present when the questions were asked and his request was denied.  Kathy Baker is not a named defendant in this action and according to plaintiff she no longer works for the department.

REPORT AND RECOMMENDATION
Page - 1

1  Plaintiff alleges he asked his current counselor, Jerry Kimes to review the decision to deny the credits.
2 He alleges the loss of those credits was arbitrary and capricious. He alleges the defendants refused to review
3 the decision to deny him credits. Plaintiff alleges an equal protection violation and a violation of due process in
4 the denial of his good time credits (Dkt # 5).

5  Plaintiff does not seek restoration of the good time credits in this action and instead asks that the
6 questions be asked him again when he has an interpreter (Dkt. #5).

## STANDARD OF REVIEW

8  A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that
9 the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston
10 v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957).
11 Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the
12 absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department,
13 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is
14 construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

## DISCUSSION

16  In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted
17 available state remedies **has no cause of action under § 1983 unless and until the conviction or**
18 **sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**"
19 Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

 Plaintiff alleges his counselor arbitrarily denied him good time credits because he did not have an

REPORT AND RECOMMENDATION
Page - 2

interpreter available when the questions used to determine if he was eligible were asked. Plaintiff does not seek to shorten his sentence directly, instead, he asks the court to order the defendants re-ask the questions when he has an interpreter. Thus, the nature of this challenge does not necessarily imply the good time credits must be granted. Instead, plaintiff seeks a determination of whether he may be entitled to those credits. This action is not barred by the favorable "termination doctrine" as set forth in a in Heck v. Humphrey, 512 U.S. 477 (1994).

Defendants motion to dismiss should be **DENIED.**  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 26, 2007** as noted in the caption.

DATED this 25 day of September, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3