UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ISSAAC RUIZ,<br><br>              Plaintiff,<br><br>    v.<br><br>JERRY KIMES *et al.*,<br><br>              Defendants. | Case No.  C07-5273BHS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**JANUARY 11, 2008** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiff's motion for injunctive relief or in the alternative for leave to amend his complaint to add a damage claim (Dkt # 22).  Defendants through counsel have responded (Dkt # 23).  Plaintiff has replied (Dkt # 25).  Having reviewed the motion, the court recommends the motion be **GRANTED** and defendants given thirty days to re-ask plaintiff the 54 questions at issue in this case when plaintiff has an interpreter to aid him in understanding the questions.

FACTS

Plaintiff alleges that he is Spanish speaking and describes himself as a "non-English speaking offender." (Dkt # 5, complaint).  Plaintiff alleges he was asked 54 questions and based on his responses he was

REPORT AND RECOMMENDATION
Page - 1

1 granted 14 months of earned early release time (Dkt. # 22, page 2)[1]. Plaintiff also alleges that later in his
2 incarceration, his counselor, Kathy Baker, re-asked him the 54 questions. Plaintiff alleges he asked that an
3 interpreter be present to help him with the questions and that his request was refused. Plaintiff alleges he
4 attempted to answer the questions to the best of his ability but that he did not understand a number of the
5 questions (Dkt. # 5). Based on his responses, the 14 months of earned early release time were taken from him.
6 Kathy Baker no longer works for the Department of Corrections according to the plaintiff. Kathy Baker is not
7 a named defendant in this action. Plaintiff alleges he contacted his new counselor, Jerry Kimes and Kevin
8 Mauss, the correctional counselor manager and asked that the questions be re-asked when he has an interpreter,
9 plaintiff alleges his request has been denied.

10 Plaintiff alleges a violation of his due process rights and equal protection. He asks that the questions be
11 re-asked when he has an interpreter to help him understand the questions (Dkt. # 5, relief section of complaint).
12 Plaintiff did not originally seek any form of monetary damages.

13 Plaintiff now asks for injunctive relief and asks that the questions be re-asked when he has an
14 interpreter to help him understand the questions. Plaintiff claims he is now serving the 14 months of time he
15 would not have to serve if he was granted earned early release. He alleges 8 months of the 14 months have
16 been served.

17 Defendants oppose the granting of injunctive relief and argue plaintiff does not meet the criteria for
18 injunctive relief (Dkt. # 23, pages 4 and 5). Defendants argue an inmate has no right to release prior to
19 expiration of his sentence.

## STANDARD OF REVIEW

21 The basic function of injunctive relief is to preserve the <u>status quo ante litem</u> pending a
22 determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National Football</u>
23 <u>League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two
24 standards, the "traditional" or the "alternative." <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

25 Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving
party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail
26 on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest
favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by
27

---

28 [1] In the complaint plaintiff alleges 12 months of earned early release time is at issue and not 14 months.

demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

Further, a grant of injunctive relief is now subject to scrutiny under the Prison Litigation Reform Act. 18 U.S.C. §3626(a)(1)(A) states:

Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

## DISCUSSION

Petitioner alleges he was denied due process and equal protection. He alleges earned early release time which had been given to him was taken away without due process. This type of taking is actionable. Wolff v Mc Donnell, 418 U.S. 539 (1974). Defendants argue that an inmate has no right to conditional release prior to expiration of a sentence (Dkt # 23, page 4). This statement fails to address the situation where the grant of earned time has occurred and the time is then taken away without proper due process. The liberty interest at stake is due process in the decision to take away the previously granted reduction in sentence.

Plaintiff alleges he is now serving the portion of his sentence which he might not have to serve if he were given proper due process. He is not arguing he is automatically entitled to release or restoration of the earned time, but, that he is entitled to have the questions used to determine his eligibility asked by an interpreter so he can understand the questions. Each day plaintiff is held represents a day that he might no have to be incarcerated. These days cannot be returned to plaintiff if at some later time it is determined he is entitled to the earned early release time. Plaintiff has made a prima facie showing of irreparable injury.

Under the facts as alleged by plaintiff he has also a chance of success on the merits. It is difficult for the court to say if he will probably prevail or not. Notably, Defendants do not address his arguments on the merits or contest his version of the facts (Dkt # 23). Instead defendants argue plaintiff has not met his burden of proof. The court disagrees.

The potential harm factor sharply favors the plaintiff in this action. At stake for him are months of incarceration. At stake for the defendants is having to re-ask 54 questions using an interpreter and then

REPORT AND RECOMMENDATION
Page - 3

deciding if plaintiff is entitled to the earned time in question.

The public interest factor of the test also favors plaintiff. The public trust and substantive due process demands that decisions made by government be made fairly. Under plaintiff's version of the facts he was asked questions in a language he did not understand and then decisions regarding the taking of earned early release time were made based on his answers.

The court is keenly aware that an inmate may not use a civil rights action to shorten his sentence. When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)). Here, plaintiff challenges being asked questions without an interpreter. He does not imply it is automatic that he be given earned early release.

Turning to the Prison Litigation Reform Act, an injunction forcing the defendants to obtain an interpreter and re-ask the 54 questions at issue is a one time event that affects one inmate. The relief is narrowly tailored to address the apparent lack of due process given in this particular case. The relief requested extends no further then to compel the department to ask the question and then make a decision regarding the taking or granting of the earned early release time in question. Thus, the decision extends no further than needed to address the issue. No less intrusive action will provide an adequate remedy. The

REPORT AND RECOMMENDATION
Page - 4

1  injunctive relief will not have any affect on the day to day operations of the department.  This case seems
2  to be an appropriate case for entry of injunctive relief.  Plaintiff's motion should be **GRANTED.**
3       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
4  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ.
5  P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v.</u>
6  <u>Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
7  set the matter for consideration on **January 11, 2008,** as noted in the caption.
8
9       DATED this 12 day of December, 2008.

11      */S/ J. Kelley Arnold*
     J. Kelley Arnold
12      United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 5