UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ISSAAC RUIZ,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JERRY KIMES *et al.*,<br><br>　　　　　　　Defendants. | Case No.  C07-5273BHS/JKA<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**August 15, 2008** |

　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion for summary judgment (Dkt. # 30).  After review of the motion, the court asked for additional briefing to address two questions (Dkt. # 31).  Plaintiff did not respond to defendant's motion and, he did not provide additional briefing.  It appears plaintiff has moved without giving the court or counsel any forwarding address.  Plaintiff did not receive the order for additional briefing or a copy of defendant's supplemental brief.  Having reviewed the file, the court recommends this action be dismissed because plaintiff was given due process regarding the loss of good conduct time he had erroneously been granted.

FACTS

　　　Plaintiff alleges that he is Spanish speaking and describes himself as a "non-English speaking offender." (Dkt. # 5).  Plaintiff alleges he was asked 54 questions and based on his responses he was granted 14

REPORT AND RECOMMENDATION
Page - 1

months of earned early release time (Dkt. # 22, page 2)[1]. Plaintiff also alleges that later in his incarceration, his counselor, Kathy Baker, re-asked him the 54 questions. Plaintiff alleges he asked that an interpreter be present to help him with the questions and that his request was refused. Plaintiff alleges he attempted to answer the questions to the best of his ability but that he did not understand a number of the questions (Dkt. # 5). Based on his responses, the earned early release time he had been granted was taken from him. Kathy Baker no longer works for the Department of Corrections according to the plaintiff. Kathy Baker is not a named defendant in this action. Plaintiff alleges he contacted his new counselor, Jerry Kimes andthe correctional counselor manager, Kevin Mauss, and asked that the questions be re-asked when he has an interpreter, and that his request was denied.

Plaintiff alleged a violation of his due process rights and equal protection. He asks that the questions be re-asked when he has an interpreter to help him understand the questions (Dkt. # 5, relief section of complaint). Since this action was initiated, the Department of Corrections has re-asked plaintiff the 54 questions. Plaintiff had a Spanish interpreter available to help him understand the questions. Plaintiff scored one point worse then when he was asked the questions with an interpreter (Dkt #. 30, exhibits). Defendants originally argued plaintiff has received the relief he requested and cannot show a violation of his constitutional rights.

When the defendants first moved for summary judgment the court was concerned with two questions. The first question is why was plaintiff re-asked the questions after he had been granted the earned early release time. The second question is what, if any, avenue was open to plaintiff to contest the taking of the earned early release time.

Defendants have answered those questions in supplemental briefing (Dkt. # 33). Plaintiff, and other inmates who were considered for a reduction of sentence were reconsidered. The decision to reconsider was made because of an audit. The audit forced prison officials to gather more information regarding inmates past history and their conduct in prison. Prison officials were then able to determine if the inmates actually qualified for a reduction in sentence which the legislature had authorized (Dkt # 33). As part of the audit plaintiff was re-asked the questions, and greater detail regarding his past history was made available to his counselor. Plaintiff did not qualify when his past history was more closely examined. Further, the state court

---

[1] In the complaint plaintiff alleges 12 months of earned early release time is at issue and not 14 months.

REPORT AND RECOMMENDATION
Page - 2

1  considered a personal restraint petition with facts similar to those alleged by Mr. Ruiz and determined that
2  before earned early release time is taken, the inmate is entitled to notice and an opportunity to be heard.  Mr.
3  Ruiz was given that notice and opportunity.  Finally, Mr. Ruiz filed a personal restraint petition.  The state
4  court upheld the decision to take the earned early release time credits from plaintiff, finding he received due
5  process (Dkt # 33).

## STANDARD OF REVIEW

7  Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings,
8  depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there
9  is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.
10 R. Civ. P. 56 (c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails
11 to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden
12 of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

13 There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational
14 trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
15 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some
16 metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e).  Conversely, a genuine dispute over a material fact
17 exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve
18 the differing versions of the truth.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec.
19 Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

20 The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial,
21 e.g. the preponderance of the evidence in most civil cases.  Anderson, 477 U.S. at 254; T.W. Elec. Service Inc.,
22 809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of the nonmoving party
23 only when the facts specifically attested by the party contradicts facts specifically attested by the moving party.
24 Id.

25 The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in
26 hopes that evidence can be developed at trial to support the claim.  T.W. Elec. Service Inc., 809 F.2d at 630
27 (relying on Anderson, *supra*).  Conclusory, nonspecific statements in affidavits are not sufficient, and "missing
28 facts" will not be "presumed."  Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

Plaintiff has failed to respond to defendant's motion for summary judgment and did not receive the order for additional briefing. He has moved without giving the court a forwarding address. Failure to respond to a motion may be deemed as an admission the motion has merit. See, Local Rule 7 (b)(2). Here, the action should be dismissed because plaintiff has received the relief he requested. The re-asking of the questions when plaintiff had the aid of a Spanish speaking interpreter, and providing Mr. Ruiz with a mechanism to appeal the decision to take away the earned early release time cured any Due Process violation that may have existed in this case. <u>The motion for summary judgment should therefore be granted and the action should be dismissed.</u>

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 15, 2008**, as noted in the caption.

DATED this 17 day of July, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge